Darshan Patel, ESQ. (SBN 312423)
Matthew W. Arnold, ESQ (SBN 327647)
**DPA ATTORNEYS AT LAW, APC**
1650 Hotel Circle North, Suite 120
San Diego, CA 92108
Telephone: (760) 372-0007
marnold@dpaattorneys.com

Attorneys for Defendants,
MAHENDRA LAD, HANSA LAD, and HANSA HOSPITALITY, INC.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF RIVERSIDE

| | |
|---|---|
| GILBERT SALINAS,<br><br>            Plaintiffs,<br><br>vs.<br><br>MAHENDRA LAD; HANSA LAD; HANSA HOSPITALITY, INC., a California Limited Liability Company; and Does 1-10,<br>            Defendants, | CASE NO.: CVSW2100315<br><br>**DEFEDANT'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C.** § 1441(A) |

**TO THE CERK OF THE ABOVE-ENTITLED COURT AND PLAINTIFF GILBERT SALINAS AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendants MAHENDRA LAD and HANSA HOSPITALITY, INC. ("DEFENDANTS") HAVE BEEN NAMED AND SERVED AS Defendants in the above-captioned matter. DEFENDANTS now remove the action from the Superior Court of California Riverside County, to the United States District Court Central District of California pursuant to 28 U.S.C § § 1331,1441, and 1446. In support of this Notice of Removal, DEFENDANT states as follows:

### *PROCEDURAL HISTORY*

1.      Plaintiff GILBERT SALINAS commenced this action by filing a complaint captioned *Gilbert Salinas v. Mahendra Lad; Hansa Lad; Hansa Hospitality, Inc. et al.* Case No. CVSW2100315 in the California Superior Court of Riverside County (the "State Court Action") on January 26, 2021.

2.      Plaintiff served DEFENDANTS with a Summons and the Complaint on February 11, 2021. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the "process, pleadings and orders" served upon Defendant, including the Summons and the Complaint are attached to this Notice as Exhibit 1.

3.      The California Superior Court for Riverside County is located within the Central District of California. (28 U.S.C § 84(c).) This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. §1441 (a)

### ALLEGATIONS IN THE COMPLAINT

4.      In the Complaint filed in the State Action, Plaintiff claims that Defendants' identification and description of its accessible features deny him the opportunity to assess whether Defendants' hotel meets his accessibility needs and that he cannot make reservations for accessible guest rooms in the same manner as guests

without disabilities in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 *et seq*. ("ADA") (First Cause of Action) and the Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53 ("Unruh") in the Second Cause of Action.

5.      Defendants dispute Plaintiff's allegations, believes the Complaint lacks merit, and denies that Plaintiff has been harmed in any way by any act or omission of Defendants.

## GROUND FOR REMOVAL

6.      Plaintiff's claims are based, in part, on alleged violations of federal law as Count I of the Complaint alleges violations of the ADA.

7.      Because this action involves claims under the ADA, this Honorable Court has original jurisdiction pursuant to 28 U.S.C. § 1331 based upon the existence of a Federal Question and this action is subject to removal under 28 U.S.C. § 1441.

8.      Pursuant to 29 U.S.C. § 1446(a), this Notice of Removal is filed in the United States District Court for the Central District of California, which is the District in which the State Action was filed and is presently pending.

9.      This Notice of Removal is timely pursuant to 28 U.S.C. §1446(b) as it was filed within thirty (30) days after Plaintiff served Defendants with the Complaint.

10.    After filing this Notice of Removal, Defendants will promptly serve written notice of this Notice of Removal on counsel for all adverse parties and file the same with the Clerk of the California Superior Court for Riverside County in accordance with 28 U.S.C.§ 1446(d).

11.     Other than Does 1-10, Defendants are unaware of any other parties who have been named or who have appeared in the underlying State Court Action.

## NON-WAIVER OF DEFENSES

12.     By removing this action from California Superior Court, Defendants do not waive any defenses available to it.

13.    By removing this action from California Superior Court, Defendants do not admit any of the allegations in Plaintiff's Complaint.

### CONCLUSION

14.    For all of the reasons stated above, this action is within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1331. Accordingly, this action is removable pursuant to 28 U.S.C. § 1441.

Respectfully Submitted,

DPA Attorneys at law, APC

Date: March 3, 2021                    _____

Matthew W. Arnold, ESQ.

4

1

**PROOF OF SERVICE**

2

     I, the undersigned, certify under penalty of perjury that on March 3, 2021 or

3

as soon as possible thereafter, copies of the foregoing Notice of Removal was served

electronically by email listed with the Riverside County Superior Court on Plaintiff's

4

counsel, Raymond Ballister, Russell Handy, Amanda Seabock, and Zachary Best,

and to the Clerk, Riverside County Superior Court by OneLegal e-filing

5

6

7

Date: March 3, 2021                  By: *Monica F. Morales*

8

                                    Monica F. Morales

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL

**EXHIBIT 1**

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
(AVISO AL DEMANDADO):
**Mahendra Lad; Hansa Lad; Hansa Hospitality, Inc.**, a California
Limited Liability Company; and Does 1-10;

**YOU ARE BEING SUED BY PLAINTIFF:**
(LO ESTA DEMANDANDO EL DEMANDANTE):

**Gilbert Salinas**

**FILED**
Superior Court of California
County of Riverside
**1/26/2021**
D. Romo
Electronically Filed

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDER DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
**¡AVISO!** Lo han demandado. Si no responde dentro de 30 dias, la corte puede decidir en su contra sin escuchar su version. Lea la information a continuacion.

Tiene 30 DIAS DE CALENDARIO despues de que le entrguan esta citacion y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entrgue una copia al demandante. Una carta o una llamada telefonica no lo protegen. Su respuesta por escrito tine que estar en formato legal correcto si desea que procesen su caso an la corte. Es possible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y mas informacion en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede mas cerca. Si no puede pagar la cuota de presentacion, pida al secretario de la corte que le de un formulario de exencion de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podra quitar su sueldo, dinero y bienes sin mas advertencia.

Hay otros requisitos legales. Es recommendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remission a abogados. Si no puede pagar a un abogado, es possible que cumpla con los requisitos para obtener servivios legals gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp.espanol/) or poniendose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperacion de $10,000 o mas de valor recibida mediante un acuerdo o una concesion de arbitraje en un caso de derecho civil. Tiene que pager el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is: Superior Court of California, County of Riverside
(El nombre y direccion de la corte es):
30755-D Auld Rd,
Murrieta, CA 92563
Southwest Justice Center

CASE NUMBER:
(Numero del Caso): CVSW2100315

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la direccion y el numero del telefono del abogado del demandante, o del demandante que no tine abogado, es):

Russell Handy., Center for Disability Access, 8033 Linda Vista Road, Suite 200 San Diego, CA 92111
(858) 375-7385

DATE: **1/26/2021**
(Fecha)

Clerk, by _____ , Deputy
(Secretario)                                      (Adjunto)

(For Proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010).)

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):
under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
        ☐ Other (specify):
4. ☒ by personal delivery on (date): 2/11/21

[Seal]

Page 1 of 1

**SUMMONS**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CENTER FOR DISABILITY ACCESS
Raymond Ballister Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Amanda Seabock, Esq., SBN 289900
Zachary Best, Esq., SBN 166035
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
amandas@potterhandy.com

Attorneys for Plaintiff

**FILED**
Superior Court of California
County of Riverside
1/26/2021
D. Romo
Electronically Filed

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF RIVERSIDE

| | |
|---|---|
| **Gilbert Salinas,** | **Case No.** CVSW2100315 |
| Plaintiff, | **UNLIMITED CIVIL CASE** |
| v. | **Complaint For Damages And Injunctive Relief For Violations Of:** Americans With Disabilities Act; Unruh Civil Rights Act |
| **Mahendra Lad; Hansa Lad; Hansa Hospitality, Inc.,** a California Limited Liability Company; and Does 1-10; | |
| Defendants, | |

Plaintiff Gilbert Salinas complains of Mahendra Lad; Hansa Lad; Hansa Hospitality, Inc., a California Limited Liability Company; and Does 1-10 ("Defendant"), and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is substantially limited in his ability to walk. He is a paraplegic who uses a wheelchair for mobility.

2. Defendant Mahendra Lad and Hansa Lad own the Signature Temecula

1

1  located at 28980 Old Town Front St., Temecula, California currently and at
2  all times relevant to this complaint. Defendant Hansa Hospitality, Inc., a
3  California Limited Liability Company, operates the Hotel currently and at all
4  times relevant to this complaint.

5     3.  Plaintiff does not know the true names of Defendants, their business
6  capacities, their ownership connection to the property and business, or their
7  relative responsibilities in causing the access violations herein complained of,
8  and alleges a joint venture and common enterprise by all such Defendants.
9  Plaintiff is informed and believes that each of the Defendants herein,
10  including Does 1 through 10, inclusive, is responsible in some capacity for the
11  events herein alleged, or is a necessary party for obtaining appropriate relief.
12  Plaintiff will seek leave to amend when the true names, capacities,
13  connections, and responsibilities of the Defendants and Does 1 through 10,
14  inclusive, are ascertained.

15

16  **JURISDICTION:**
17     4.  This Court has subject matter jurisdiction over this action as a court of
18  general jurisdiction. This Court has personal jurisdiction over Defendants
19  because they conduct substantial business in the State of California, County of
20  Riverside and Defendants' offending Website is available throughout
21  California.
22     5.  Venue it proper in this Court because Defendant conducts business in
23  this County.
24     6.  Unlimited jurisdiction is proper because Plaintiff seeks a permanent
25  injunction ordering compliance with the Americans with Disabilities Act.

26

27  **PRELIMINARY STATEMENT**
28     7.  This is a lawsuit challenging the reservation policies and practices of a

2

Complaint

1  place of lodging. Plaintiff does not know if any physical or architectural
2  barriers exist at the hotel and, therefore, is not claiming that that the hotel has
3  violated any construction-related accessibility standard. Instead, this is about
4  the lack of information provided on the hotel's reservation website that would
5  permit plaintiff to determine if there are rooms that would work for him.

6      8.   After decades of research and findings, Congress found that there was
7  a "serious and pervasive social problem" in America: the "discriminatory
8  effects" of communication barriers to persons with disability. The data was
9  clear and embarrassing. Persons with disabilities were unable to "fully
10  participate in all aspects of society," occupying "an inferior status in our
11  society," often for no other reason than businesses, including hotels and
12  motels, failed to provide information to disabled travelers. Thus, Congress
13  decided "to invoke the sweep of congressional authority" and issue a "national
14  mandate for the elimination of discrimination against individuals with
15  disabilities," and to finally ensure that persons with disabilities have "equality
16  of opportunity, full participation, independent living" and self-sufficiency.

17      9.   As part of that effort, Congress passed detailed and comprehensive
18  regulations about the design of hotels and motels. But, as importantly,
19  Congress recognized that the physical accessibility of a hotel or motel means
20  little if the 61 million adults living in America with disabilities are unable to
21  determine which hotels/motels are accessible and to reserve them. Thus,
22  there is a legal mandate to provide a certain level of information to disabled
23  travelers.

24      10.  But despite the rules and regulations regarding reservation procedures,
25  a 2019 industry article noted that: "the hospitality sector has largely
26  overlooked the importance of promoting accessible features to travelers."

27      11. These issues are of paramount important. Persons with severe
28  disabilities have modified their own residences to accommodate their unique

3

Complaint

1   needs and to ameliorate their physical limitations. But persons with disabilities
2   are never more vulnerable than when leaving their own residences and having
3   to travel and stay at unknown places of lodging. They must be able to ascertain
4   whether those places work for them.

5

6   **FACTUAL ALLEGATIONS:**

7   12. Plaintiff planned on making a trip in November of 2020 to the
8   Temecula California, area.

9   13. He chose the Signature Temecula located at 28980 Old Town Front St.,
10   Temecula, California is currently because this hotel was at a desirable price
11   and location.

12   14. Due to Plaintiff's condition, he is unable to, or seriously challenged in
13   his ability to, stand, ambulate, reach objects, transfer from his chair to other
14   equipment, and maneuver around fixed objects.

15   15. Thus, Plaintiff needs an accessible guestroom and he needs to be given
16   information about accessible features in hotel rooms so that he can confidently
17   book those rooms and travel independently and safely.

18   16. On September 19, 2020, while sitting bodily in California, Plaintiff
19   went to the Signature Temecula reservation website at
20   https://www.redlion.com/signature-inn/ca/temecula/signature-temecula/
21   seeking to book an accessible room at the location.

22   17. This website reservation system is owned and operated by the
23   Defendants and permits guests to book rooms at Signature Temecula.

24   18. Plaintiff found that there was insufficient information about the
25   accessible features in the "accessible rooms" at the Hotel to permit him to
26   assess independently whether a given hotel room would work for him.

27   19. For example, Plaintiff cannot transfer from his wheelchair to a toilet
28   unless there are grab bars at the toilet to facilitate that transfer. But the Hotel

Complaint

1   reservation website does not provide any information about the existence of
2   grab bars for the accessible guestroom toilets. This is critical information for
3   the plaintiff.

4   20. As another example, Plaintiff has had tremendous difficulty with using
5   lavatory sinks in the past because sinks were cabinet style sinks or had low
6   hanging aprons that did not provide knee clearance for a wheelchair user to
7   pull up and under or, alternatively, where the plumbing underneath the sink
8   was not wrapped with insulation to protect against burning contact to his
9   knees. Here, the Hotel reservation website provides no information about the
10  accessibility of the sinks in the accessible guestroom.

11  21. As another example, Plaintiff has had tremendous difficulty using desks
12  and tables that did not provide knee and toe clearance for a wheelchair user to
13  pull up and under the table/desk. Here, the Hotel reservation website provides
14  no information about the accessibility of the table/desk in the accessible
15  guestroom. This leaves Plaintiff unsure he will be able to use the table/desk in
16  the Hotel room, which is important to him.

17  22. Plaintiff does not need an exhaustive list of accessibility features.
18  Plaintiff does not need an accessibility survey to determine of a room works for
19  him. Plaintiff, like the vast majority of wheelchair users, simply needs a
20  handful of features to be identified and described with a modest level of detail:

21  • For the doors, Plaintiff simply needs to know if he can get into the hotel
22     room and into the bathroom. This is a problem that has created
23     tremendous problems for the Plaintiff in the past. A simple statement
24     that the hotel room entrance and interior doors provide at least 32
25     inches of clearance is enough to provide Plaintiff this critical piece of
26     information about whether he can fit his wheelchair into the hotel
27     rooms.

28  • For the beds themselves, the only thing Plaintiff needs to know (and the

5

Complaint

only thing regulated by the ADA Standards) is whether he can actually get to (and into) the bed, i.e., that there is at least 30 inches width on the side of the bed so his wheelchair can get up next to the bed for transfer. This is critical information because Plaintiff cannot walk and needs to pull his wheelchair alongside the bed.

- For the desk where Plaintiff will eat and work, Plaintiff simply needs to know that it has sufficient knee and toe clearance so that he can use it. A simple statement like "the desk provides knee and toe clearance that is at least 27 inches high, 30 inches wide, and runs at least 17 inches deep" is more than sufficient. Because Plaintiff is confined to a wheelchair, he needs to know this information to determine if the desk is accessible to and useable by him.

- For the restroom toilet, Plaintiff only needs to know two things that determine if he can transfer to and use the toilet; (1) that the toilet seat height is between 17-19 inches (as required by the ADA Standards) and (2) that it has the two required grab bars to facilitate transfer.

- For the restroom sink, the Plaintiff two things that will determine whether he can use the sink from his wheelchair: (1) can he safely get his knees under the toilet? To wit: does the sink provide the knee clearance (27 inches high, 30 inches wide, 17 inches deep) and is any plumbing under the sink wrapped with insulation to protect against burning contact? The second thing is whether the lavatory mirror is mounted at a lowered height so that wheelchair users can sue it. A simple statement like: "the lavatory sink provides knee clearance of at least 30 inches wide, 27 inches tall and 17 inches deep, all of the under-sink plumbing is wrapped, and the lowest reflective edge of the mirror is no more than 40 inches high" would suffice.

- Finally, for the shower, Plaintiff needs to know only a handful of things:

6

(1) what type of shower it is (transfer, standard roll-in, or alternate roll-in), (2) whether it has an in-shower seat; (3) that there are grab bars mounted on the walls; (4) that there is a detachable hand-held shower wand for washing himself and (5) that the wall mounted accessories and equipment are all within 48 inches height.

23. This small list of items are the bare necessities that Plaintiff must know to make an independent assessment of whether the "accessible" hotel room works for him. These things comprise the basics of what information is reasonably necessary for Plaintiff (or any wheelchair user) to assess independently whether a given hotel or guest room meets his or her accessibility needs.

24. Other accessibility requirements such as slopes of surfaces, whether the hand-held shower wand has a non-positive shut off valve, the temperature regulator, the tensile strength and rotational design of grab bars, and so many more minute and technical requirements under the ADA are beyond what is a reasonable level of detail and Plaintiff does not expect or demand that such information is provided.

25. But because the Defendants have failed to identify and describe the core accessibility features in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his accessibility needs, the Defendants fail to comply with its ADA obligations and the result is that the Plaintiff is unable to engage in an online booking of the hotel room with any confidence or knowledge about whether the room will actually work for him due to his disability.

26. This lack of information created difficulty for the Plaintiff and the idea of trying to book this room -- essentially ignorant about its accessibility -- caused difficulty and discomfort for the Plaintiff and deterred him from booking a room at the Hotel

7

Complaint

27. Plaintiff travels frequently and extensively, not only for non-litigation reasons but also because he is an ADA tester and actively engaged in finding law breaking businesses and hauling them before the courts to be penalized and forced to comply with the law.

28. As he has in the past, Plaintiff will continue to travel to the Temecula area, on a regular and ongoing basis and will patronize this Hotel once it has been represented to him that the Defendant has changed its policies to comply with the law and to determine if the Hotel is physically accessible as well as complying with required reservation procedures. Plaintiff will, therefore, be discriminated against again, i.e., be denied his lawfully entitled access, unless and until the Defendant is forced to comply with the law.

29. Plaintiff has reason and motivation to use the Defendant's Hotel reservation system and to stay at the Defendant's Hotel in the future. Among his reasons and motivations are to assess these policies and facilities for compliance with the ADA and to see his lawsuit through to successful conclusion that will redound to the benefit of himself and all other similarly situated. Thus, Plaintiff routinely revisits and uses the facilities and accommodations of places he has sued to confirm compliance and to enjoy standing to effectuate the relief promised by the ADA.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

30. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

31. Under the ADA, it is an act of discrimination to fail to make reasonable modifications in policies, practices, or procedures when such modifications

8

Complaint

1  are necessary to afford goods, services, facilities, privileges advantages or
2  accommodations to person with disabilities unless the entity can demonstrate
3  that taking such steps would fundamentally alter the nature of the those goods,
4  services, facilities, privileges advantages or accommodations. See 42 U.S.C. §
5  12182(B)(2)(A)(ii).

6  32. Specifically, with respect to reservations by places of lodging, a
7  defendant must ensure that its reservation system, including reservations
8  made by "any means," including by third parties, shall:

9        a. Ensure that individuals with disabilities can make
10          reservations for accessible guest rooms during the same
11          hours and in the same manner as individuals who do not
12          need accessible rooms;
13       b. Identify and describe accessible features in the hotels and
14          guest rooms offered through its reservations service in
15          enough detail to reasonably permit individuals with
16          disabilities to assess independently whether a given hotel
17          or guest room meets his or her accessibility needs; and
18       c. Reserve, upon request, accessible guest rooms or specific
19          types of guest rooms and ensure that the guest rooms
20          requested are blocked and removed from all reservations
21          systems.

22     *See* 28 C.F.R. § 36.302(e).

23 33. Here, the defendant failed to modify its reservation policies and
24 procedures to ensure that it identified and described accessible features in the
25 hotels and guest rooms in enough detail to reasonably permit individuals with
26 disabilities to assess independently whether a given hotel or guest room meets
27 his or her accessibility needs and failed to ensure that individuals with
28 disabilities can make reservations for accessible guest rooms during the same

Complaint

1 hours and in the same manner as individuals who do not need accessible
2 rooms.

3

4 **II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL**
5 **RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ.
6 Code § 51-53.)

7     34. Plaintiff repleads and incorporates by reference, as if fully set forth
8 again herein, the allegations contained in all prior paragraphs of this
9 complaint.  The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia,
10 that persons with disabilities are entitled to full and equal accommodations,
11 advantages, facilities, privileges, or services in all business establishment of
12 every kind whatsoever within the jurisdiction of the State of California.  Cal.
13 Civ. Code §51(b).

14     35. The Unruh Act provides that a violation of the ADA is a violation of the
15 Unruh Act.  Cal. Civ. Code, § 51(f).

16     36. Defendants' acts and omissions, as herein alleged, have violated the
17 Unruh Act by, inter alia, failing to comply with the ADA with respect to its
18 reservation policies and practices.

19     37. Because the violation of the Unruh Civil Rights Act resulted in difficulty
20 and discomfort for the plaintiff, the defendants are also each responsible for
21 statutory damages, i.e., a civil penalty. *See* Civ. Code § 52(a).

22

23     **PRAYER:**

24     Wherefore, Plaintiff prays that this Court award damages and provide
25 relief as follows:

26     1. For injunctive relief, compelling Defendants to comply with the
27 Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the

28

10

Complaint

1    plaintiff is not invoking section 55 of the California Civil Code and is not
2    seeking injunctive relief under the Disabled Persons Act at all.

3         2. Damages under the Unruh Civil Rights Act, which provides for actual
4    damages and a statutory minimum of $4,000 for each offense.

5         3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant
6    to 42 U.S.C. § 12205; and Cal. Civ. Code § 52(a).

7

8

9    Dated: January 14, 2021              CENTER FOR DISABILTY ACCESS

10

11

12

13                                       By:_____
14                                       Russell Handy, Esq.
15                                       Attorneys for Plaintiff

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint